CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 29 2014 for Roanoke
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY LEON COFFEY,<br>    Plaintiff, | Civil Action No. 7:14-cv-00376 |
| v. | MEMORANDUM OPINION |
| BETTY AKERS, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Anthony Leon Coffey, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 that names Nurse Betty Akers, Nurse Samantha Hunt, and Dr. Moses as defendants. Plaintiff simply alleges that Defendants denied him medical treatment at a regional jail because he is indigent. Plaintiff's own comments on grievance forms indicate he met with Dr. Moses about his blurred vision and he was dissatisfied with Dr. Moses' medical opinion that Plaintiff's blurred vision does not require an outside consultation with a specialist.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[1] West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must explain how a defendant acted with deliberate indifference to a serious medical need, without relying on labels and

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

conclusions, to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, Plaintiff fails to allege sufficient facts to describe Defendants' deliberate indifference or that Plaintiff suffered from a serious medical need. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (describing a serious medical need as a condition that has been diagnosed by a physician as mandating treatment or a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention). Plaintiff's dissatisfaction or disagreement with medical personnel about treatment does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle, 429 U.S. at 105-06. Accordingly, the Complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted.

**ENTER**: This 29th day of July, 2014.

/s/ Jackson L. Kiser
Senior United States District Judge